IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL A. FAHMY, | : CIVIL ACTION |
| Petitioner, | : |
| v. | : |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL FOR THE STATE OF DELAWARE, | : |
| Respondents. | : NO. 09-474 |

## MEMORANDUM RE: HABEAS CORPUS PETITION

**Baylson, J.**                                                                                            **May 18, 2010**

### I. Introduction

Petitioner Paul A. Fahmy filed a pro se Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2254, raising four grounds for relief ("Petition"). (Doc. No. 1) Fahmy is currently incarcerated in the James T. Vaughn Correctional Center located in Wilmington, Delaware. The State answered Fahmy's petition, and Fahmy filed a Reply. (Doc. No. 10; Doc. No. 14) Upon independent and thorough review, and for the reasons stated below, the Court will deny the Petition without an evidentiary hearing.

### II. Background

As recounted by the Delaware Supreme Court, the facts leading to Fahmy's arrest are as follows:

> On the evening of October 14, 2004, Fahmy and codefendant, Charles Morgan ("Morgan"), picked up the victim, Darnell Lane ("Lane"), and drove to a secluded, wooded area in New Castle County. The three had been drinking, and Morgan told Lane they were going to meet up with some girls. Morgan, Fahmy, and Lane then walked into the woods where Lane was shot (not fatally) in the

> back of the head. Upon being shot, Lane turned around to see Morgan and Fahmy standing a few feet behind him and staring at him. Lane then heard a second gunshot and saw a flash coming from Fahmy. Frightened, Lane quickly turned from his assailants and ran to the nearest house where he asked the residents to call an ambulance. He was then taken to a hospital where he was interviewed by the police. He identified his attackers as Fahmy and Morgan.

Fahmy v. State, 909 A.2d 594 (Table), 2006 WL 2842726, at *1 (Del. Oct. 5, 2006).

After a four day trial in January 2006, a Delaware Superior Court jury convicted Fahmy of attempted first degree murder and possession of a firearm during the commission of a felony. The Delaware Superior Court sentenced him to twenty-two years of imprisonment, suspended after twenty years for a period of probation. The Delaware Supreme Court affirmed Fahmy's convictions and sentences on direct appeal. Id.

In July 2007, Fahmy filed in the Delaware Superior Court a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging a total of ten claims. See State v. Fahmy, 2006 WL 215193 (Del. Jan. 22, 2008). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that judgment. Fahmy v. State, 966 A.2d 347 (Table), 2009 WL 189838 (Del. 2009).

Fahmy timely filed the instant § 2254 petition. See (Doc. No. 10, at pp. 3-4) The State filed an Answer requesting the Court to deny the petition in its entirety, and Fahmy filed a Reply. (Doc. No. 10; Doc. No. 14) Fahmy's Petition is ready for review.

## III. Governing Legal Principles

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the

2

principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see Woodford, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at

3

844-45; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(internal citations omitted).

If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989). Additionally, if the petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman, 501 U.S. at 749; Lines, 208 F.3d at 160.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-

4

51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, Bousley v. United States, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. Discussion

Fahmy asserts the following four claims for relief in his original Petition: (1) the trial court committed an error by permitting a police officer to offer an "interpretive narrative" of a witness pursuant to 11 Del. Code Ann. § 3507; (2) the State violated Fahmy's confrontation rights by electing not to call two witnesses at trial; (3) the trial judge abused her discretion; and (4) Fahmy's trial was unfair because it was not severed from his co-defendant's trial, it was rushed, and the jurors were biased. Fahmy raised these claims in his Rule 61 proceeding, and the Delaware Superior Court denied the claims as meritless or insufficient to warrant relief. See

generally Fahmy, 2008 WL 215193. On post-conviction appeal, the Delaware Supreme Court affirmed the Superior Court's denial of the Claims, but not on the basis that they were meritless. Rather, the Delaware Supreme Court denied the Claims as procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3) due to Fahmy's failure to raise the Claims during his trial or on direct appeal. Fahmy, 2009 WL 189838, at *3.

By applying the procedural bar in Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under Harris v. Reed, 489 U.S. 255, 263-4 (1989) that its decision rested on state law grounds. The judges in this District have consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. See McCleaf v. Carroll, 416 F. Supp. 2d 283, 296 (D. Del. 2006); Mayfield v. Carroll, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the Court concludes that it cannot review the merits of Claims One through Four absent a showing of cause for Fahmy's default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the Claims are not reviewed.

Fahmy attempts to establish cause for his default by blaming appellate counsel's failure to raise these four Claims on direct appeal. Fahmy, however, never presented this particular ineffective assistance of appellate counsel claim to the Delaware courts during his state collateral proceeding, or in his subsequent post-conviction appeal. Consequently, this ineffective assistance of appellate counsel allegation is itself procedurally defaulted,[1] and cannot excuse Fahmy's procedural default of the four instant Claims.[2] See Edwards v. Carpenter, 529 U.S. 446,

---

[1] See Del. Super. Ct. Crim. R. 61(i)(2).

[2] Fahmy's allegation regarding appellate counsel's performance can only constitute cause for Fahmy's procedural default of the instant four Claims if Fahmy satisfies the cause and prejudice standard for the defaulted ineffective assistance claim. See Edwards, 529 U.S. at 453-

453-54 (2000).

Given Fahmy's failure to establish cause for his default of the four Claims asserted in this proceeding, the Court does not need to consider the issue of prejudice. Moreover, the Court concludes that the miscarriage of justice exception to the procedural default doctrine cannot excuse Fahmy's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims One, Two, Three, and Four as procedurally barred.

## V. New Claims Asserted in Reply Memorandum

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). According to Third Circuit precedent, a habeas petitioner may not allege an entirely new claim by amending his original petition after the expiration of AEDPA's statute of limitations. See United States v. Thomas, 221 F.3d 430, 435-36 (3d Cir. 2000).

The statute of limitations for the instant case expired on July 14, 2009. (Doc. No. 10, at p. 4) On January 11, 2010, Fahmy filed a Reply Memorandum in response to the State's Answer. (Doc. No. 14) While the Reply Memorandum provides supplemental information for the four Claims asserted in the original Petition, it also asserts entirely new claims that do not relate back to the original Petition. Id. Fahmy has not provided any reason to equitably toll

---

54. Fahmy alleges that his failure to raise the issue of appellate counsel's performance was due to his lack of legal knowledge. Even if true, Fahmy's mistake or absence of legal knowledge does not constitute cause in the procedural default context. See White v. Carroll, 416 F. Supp. 2d 270, 282 (D. Del. 2006). Moreover, in the absence of cause, the Court need not address the issue of prejudice. Thus, the Court cannot the consider the defaulted ineffective assistance of appellate counsel as cause for Fahmy's default of Claims One through Four.

7

AEDPA's limitations period for the new claims. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2000)(AEDPA's limitations period may be equitably tolled in exceptional circumstances). Accordingly, the Court will not review the new claims in the Reply Memorandum because they are time-barred.

## VI.  Certificate of Appealability

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that Fahmy's Petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the Court declines to issue a certificate of appealability.

## VII.  Conclusion

For the reasons stated above, the Court will deny Fahmy's Petition for Writ of Habeas Corpus without an evidentiary hearing. An appropriate Order follows.